# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MAURICE DELANE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-958-F |
| | ) | |
| THOMAS GOFORTH, M.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner, has brought this action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), against various Defendant physicians and other medical care providers alleging that Defendants committed "medical malice, medical malfeasance, medical malpractice, unprofessional medical care . . . and misconduct/medical" in connection with his health care. [Doc. No. 5, pp. 1 - 2].[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

## Plaintiff's Complaint

### *Bivens* Action

Within his four page § 1331 civil rights complaint, Plaintiff maintains, first, that for over eighteen months each of the Defendant medical care providers caused him to suffer from severe stomach and intestinal difficulties and pain by giving him both ibuprofen and

---

[1] Unless otherwise indicated, quotations in this report are reproduced verbatim.

ranitidine [Doc. No. 5, p. 2]. Plaintiff's second claim is that for over six months certain of the named Defendants have given him "a medically illegal combination of medicines. . . includ[ing] several psychological medications" that have caused him pain, dizziness, fatigue, stomach cramps, and headaches. *Id.* Plaintiff then singles out one particular named Defendant, Dr. Alexandre, and alleges that Dr. Alexandre – "who is not a psychologist/psychiatrist" – has violated "F.B.O.P. P.S. policy, federal, state and constitutional law" because Plaintiff "has not been seen by a psychologist and/or telepsych[,]" *id.* at 3; a "lethal" amount of medication is alleged. *Id.*

**Standard for Initial Screening**

The court must promptly review Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). In reviewing the sufficiency of the complaint, the court considers whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to Plaintiff. *Sunrise Valley, LLC v. Kempthorne,* 528 F.3d 1251, 1254 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 2377 (2009). A pro se plaintiff's complaint must be broadly construed under this standard. *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972). However, the "broad reading" of pro se complaints dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**Analysis**

The jurisdictional basis of Plaintiff's complaint, 28 U.S.C. § 1331, provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* Plaintiff's complaint, however, does not allege a constitutional violation. The constitutional provision implicated by Plaintiff's claims regarding his medical care while in prison is the Eighth Amendment's prohibition against cruel and unusual punishment. Not every claim of inadequate medical treatment, however, rises to the level of a constitutional violation. A claim of medical malpractice or negligence plainly does not constitute a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105-6 (1976). Likewise, a disagreement over a course of treatment does not amount to a constitutional violation. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980)("a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment").

The facts alleged by Plaintiff – the prescription of medications that were harmful or "medically illegal" in combination or that were lethal in dosage – describe, as Plaintiff accurately pleads, possible acts of medical malpractice. These facts cannot serve to establish a violation of the Eighth Amendment to the Constitution and, consequently, Plaintiff has failed to state a claim for relief pursuant to *Bivens.*

Plaintiff makes a specific claim that Defendant Dr. Alexandre's action in prescribing drugs to treat Plaintiff's psychological difficulties was a violation of Bureau of Prisons policy and the Constitution because Dr. Alexandre was not a psychiatrist and Plaintiff had not been seen by one. If it is Plaintiff's claim that Defendant Alexandre injured him by failing to follow prison regulations, such a claim "does not equate to a constitutional violation." *Hovater v. Robinson,* 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993).

**Writ of Mandamus/or and Otherwise Motion to Execute Sentence in the Plight of a Binding Liberty Interest**

The above-labeled paper is included as a part of Plaintiff's complaint but is not referenced therein [Doc. No. 5, sequential pages 6 - 8]. Through this paper, Plaintiff is requesting immediate release pursuant to an attached "binding legal agreement for community residential release." *Id.* at p. 6. The paper has a caption reflecting that Plaintiff is seeking relief against C.I. Oakdale Warden, J.P. Young, B.O.P. Director and U.S. Attorney General Eric Holder. *Id.* Because Plaintiff is no longer incarcerated at Federal Correctional

4

Institution Oakdale[2] and because the pleading has no connection to Plaintiff's *Bivens* claim, it is recommended that the paper be sticken and that Plaintiff be advised that if he wishes to pursue a claim based on the allegations in the paper, he must do so through a separate action.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, it is recommended that Plaintiff's *Bivens* complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). It is further recommended that the paper labeled as a Writ of Mandamus/or and Otherwise Motion to Execute Sentence in the Plight of a Binding Liberty Interest and appended to the complaint be sticken and that Plaintiff be advised that if he wishes to pursue a claim based on the allegations in the paper, he must do so through a separate action.

Plaintiff is advised of his right to file objections to this Report and Recommendation with the Clerk of this Court by the 20th day of December, 2010, in accordance with 28 U.S.C. §636 and Local Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

---

[2]The docket sheet reflects that Plaintiff is now incarcerated at El Reno Federal Correctional Institution.

ENTERED this 30th day of November, 2010.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE